SAVOY, Judge.
The instant suit was consolidated for trial with No. 2091 on the docket of this Court, entitled Gloston v. Commercial Standard Insurance Company et al., 201 So.2d 524 decided this date.
This suit is the result of an accident which occurred on February 27, 1965, in the City of Opelousas, Louisiana. The plaintiffs-appellees, Robert Green, Louella Forbes and Peter Tyler, were riding as passengers in an ambulance owned by Williams & Sons Funeral Home and driven by its employee, Ernest Gloston. The ambulance collided with a vehicle driven by John Brown. There is no serious issue as to Brown’s negligence being the cause in fact of the accident.
Green, Tyler and Forbes sued John Brown and the insurer of the ambulance, namely, Commercial Standard Insurance Company, under its uninsured motorist coverage.
In No. 2091 Gloston likewise sued Commercial Standard Insurance Company.
Defendant Commercial Standard moved for a summary judgment which was denied by the trial judge. This defendant then filed an answer, stating that as shown by the policy of insurance, said policy affords no coverage under the uninsured motorist provision thereof; and, on the contrary, expressly declares that a conveyance such as occupied by the plaintiffs is not covered by the policy. The said policy expressly provides in the definition of “insured automobile” that the term “shall not include: i. an automobile while used as a public or livery conveyance.”
After a trial on the merits, judgments were rendered in favor of plaintiffs and against defendants.
Defendant Commercial Standard appealed. Plaintiffs answered the appeal asking for an increase in quantum.
The record reveals that Commercial Standard sold a standard liability policy to Williams & Sons, Inc. effective April 9, 1964, for a one-year period. The vehicles covered in the policy were described in the policy as a 1960 Oldsmobile combination Hearse and Ambulance, and a 1957 Chevrolet combination Funeral Coach.
The application for insurance taken by Opelousas Insurance Agency, which application is in the record, indicates the intended use of the vehicles was for a combination ambulance-hearse purpose. Uninsured motorist coverage was included by added endorsement. Commercial collected premiums for the uninsured motorist endorsement as shown on the policy.
It is the contention of defendant Commercial Standard that there is no coverage under the policy because there is excluded from the term “insured automobile” in section i. an automobile used as a public or livery conveyance.
On the other hand, plaintiffs contend that Commercial waived any defense of non-coverage used in its printed form by charging ánd collecting for additional premiums and by adding the rider to the policy.
Defendant Commercial Standard relies on the case of Spears v. Phoenix Insurance Company, (La.App., 3 Cir., 1963), 149 So.2d 118, 121, as supporting its position. In the Spears case, supra, the same exclusion clause as is found in the policy in the instant case was inserted in that policy. Phoenix had insured a 1961 Ford automobile which had been purchased by plaintiff for the personal use of his wife. Without the knowledge of the insurance company, plaintiff converted the automobile into an ambulance. The district court and Court of Appeal properly held that there was no coverage.
We are of the opinion that the Spears case, supra, is distinguishable from the instant case in that Commercial Standard' added a rider to the printed policy *524 covering the uninsured motorist, and charged a premium for same.
We conclude as did the trial judge that there is coverage in the instant case.
The last matter for determination is that of quantum.
Robert Green was awarded $1,200.00; Louella Forbes $800.00; Peter Tyler $500.-00; and Ernest Gloston $1,500.00. These awards are for general damages only.
ROBERT GREEN. Green received cuts and bruises about the face. He lost six teeth, which were the only teeth he had, and was fitted with upper and lower dentures. He was taken to the hospital immediately following the accident, where he received first aid and was released. He later saw Dr. Charles N. Washington who found that some infection in the mouth had started, and he hospitalized Green for seven days to administer antibiotics. Green also received a contusion to the low back. In view of the medical, we do not feel the trial judge abused his discretion in making this award.
LOUELLA FORBES. She received a rather severe thoraco-lumbar strain of the spine as evidenced by the rather marked muscle spasm of the parapinous muscles in the lower thoracic and upper lumbar area. X-rays were negative. She received muscle relaxants, analgesics and diathermy. She had a rather large he-matoma over the anterior portion of her lower left leg, which cleared with time. She also had blood in the urine. She was discharged May 19, 1965. We cannot say that the trial judge abused his discretion in this award, and, accordingly, affirm it.
PETER TYLER. Tyler received a rather moderate award, but the record reveals that prior to the accident he received a severe blow to the head. The trial judge probably felt that the major cause' of his trouble occurred prior to the accident. Under these circumstances, we find no error in the award made by the trial judge.
ERNEST GLOSTON. Gloston suffered a fracture of the left scapula (shoulder blade). He had a large contusion of the shoulder and left deltoid (triangular) muscle with swelling and edema. He also had a bruise of the neck. The award of $1,500.00 is adequate.
Commercial Standard filed a third party demand against John B. Brown. In his reasons for judgment the trial judge did not mention the third party, demand. The judgment should be amended by granting judgment in favor of Commercial Standard Insurance Company and against John B. Brown in the respective sums of $1,451.37, $4,272.05, $1,199.03, and $1,938.09, with interest at the rate of 5% from judicial demand until paid, and for the further sum of $250.00 medical expert fees, and for all costs.
For the reasons assigned the judgment of the district court is amended by recognizing Commercial Standard’s third party demand against John B. Brown, and granting it judgment against John B. Brown in the sums mentioned above; and, as amended, the judgment of the district court is affirmed at appellant’s costs.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.