233 So.2d 723 (1970)
Earl A. ROLLING
v.
Walter C. MILLER, the Employers' Fire Insurance Company, and the North River Insurance Company.
Earl A. ROLLING
v.
AMERICAN EMPLOYERS' INSURANCE CO., the Employers' Liability Assurance Corp., Ltd., and the North River Insurance Co.
Nos. 3901, 3902.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1970.
*724 Garland R. Rolling, Metairie, for plaintiff-appellee, Earl A. Rolling.
Kermit Frymire, New Orleans, for defendant-appellant, Walter C. Miller.
Schoemann, Gomes & Ducote, Eugene J. Gomes, Jr., New Orleans, for defendant-appellant, North River Ins. Co.
James H. Drury, Drury, Lozes & Curry, New Orleans, for defendant-appellee, Employers' Fire Ins. Co.
Before BARNETTE, Le SEUER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
These cases were consolidated in the lower court and have so remained on appeal. They result from a vehicular accident which occurred on the western or down ramp of the Huey P. Long-Mississippi River Bridge in Jefferson Parish, Louisiana. Plaintiff Earl A. Rolling, a Jefferson Parish Deputy Sheriff, was traveling on said bridge in a westerly direction, driving a Pontiac sedan owned by the Jefferson Parish Sheriff's Department. Defendant Walter C. Miller, an uninsured motorist, was traveling in the same direction, driving his own stake-body truck. Plaintiff Rolling alleges that while *725 he was in the process of overtaking the vehicle being operated by defendant Miller, the latter's vehicle departed its right lane and crossed the lane dividing line, causing a collision in plaintiff's proper passing lane. Miller, on the other hand, contends that he was traveling properly in his right or outside lane of the bridge and plaintiff struck him from the rear. Plaintiff Rolling sustained serious bodily injuries including the loss of his left eye, orbital and craniocerebral affectations, and lacerations about the face.
In Suit No. 3901 plaintiff sues Miller, Employers' Fire Insurance Company (which was subsequently corrected to its proper name, The Employers' Liability Assurance Corp., Ltd.), and The North River Insurance Company. Employers' was made defendant by virtue of its being the liability insurer of the Jefferson Parish Sheriff Department vehicle which plaintiff was driving and whose policy provided for uninsured motorist protection. North River was made defendant under a policy of liability insurance which it issued on plaintiff's personal automobile, and which also contained an uninsured motorist provision. By third party action Employers' makes Miller a third party defendant praying for judgment against Miller for any amount for which it may be cast.
In Suit No. 3902 plaintiff Rolling sues The Employers' Liability Assurance Corp., Ltd., and The North River Insurance Co., for medical payments under policies issued by them to the Jefferson Parish Sheriff's Department, and to plaintiff Rolling respectively.
In Suit No. 3901 the trial judge in a finding of fact concluded that as the plaintiff was properly overtaking the defendant truck, the truck veered from its right lane, partly into the left lane, causing plaintiff vehicle to strike the rear left side of the truck and careening plaintiff's vehicle to the left against the inside railing of the bridge resulting in the severe injuries to plaintiff referred to hereinabove. He concluded that the accident was due solely to the negligence of defendant Miller, and further that Miller was an uninsured motorist. He found that The Employers' Liability Assurance Corp., Ltd., had issued a liability insurance policy with an uninsured motorist provision, on the vehicle which plaintiff was driving and which belonged to the Jefferson Parish Sheriff's Department. He also found that plaintiff Rolling owned a policy of liability insurance on his family vehicle, which policy was issued by North River Insurance Company, and likewise carried an uninsured motorist provision. Inasmuch as plaintiff was injured in a vehicle not owned by him, the lower court concluded that the policy limits of North River would be treated as excess insurance.
Our brother below granted judgment in favor of plaintiff and against defendant Walter C. Miller, The Employers' Liability Assurance Corp., Ltd., and The North River Insurance Company in the amount of $17,000.00, limiting the liability of Employers' to the policy limits of $5,000.00 and also limiting the liability of The North River Insurance Company to the amount of the policy limits of $5,000.00, classing the latter as an excess judgment over and above the primary judgment against Employers'. He dismissed the third party action of Employers' against defendant Walter C. Miller.
In Suit No. 3902, which suit was to recover medical payments provided in the policies issued by Employers' and North River, the trial court considered that these amounts of the medical payments coverage would be included under the uninsured motorist provisions and inasmuch as the court cast both companies to the limits of their policies, plaintiff's claims herein became moot.
In Suit No. 3901 Employers' and North River have appealed suspensively from the lower court judgment and defendant Walter C. Miller has appealed devolutively.
In Suit No. 3902 plaintiff Rolling has appealed devolutively. Answers to all appeals *726 in both cases have been filed by all adverse parties.
The following errors are assigned by the designated parties:
By Employers':
That the district court erred in finding that the uninsured motorist Walter C. Miller was negligent, and in not finding plaintiff Earl A. Rolling contributorily negligent; and in dismissing its third party action against Miller.
By North River:
That the district court erred in not finding plaintiff Earl A. Rolling contributorily negligent and in finding that the uninsured motorist provision contained in its policy which provided coverage for the personal automobile owned by plaintiff, would come into operation as "excess insurance" after the primary coverage of Employers' became exhausted.
By defendant Miller:
That the court erred in finding him negligent and in not finding plaintiff contributorily negligent.
By plaintiff Rolling:
That the court erred in not allowing medical payments in the amount of $1241.03 under the medical pay provisions of his personal automobile which was insured by North River.
Concerning the facts of the accident there were no eyewitnesses. In essence plaintiff testified that as he was overtaking the defendant's vehicle it veered into his proper passing lane causing the accident, whereas defendant Miller testified he was traveling in his own proper right lane when he heard brake sounds from his rear and thereupon was struck by the plaintiff vehicle. After the collision the plaintiff's car was jolted to its left and struck the inside rail of the bridge and both vehicles ultimately came to rest some distance therefrom. The damages to both vehicles were extensive to the point where it was not possible to ascertain with any reasonable accuracy the exact point of impact on each car. Neither was there independent physical evidence to show the actual point of impact on the bridge. Defendant Miller testified that there were some 40 feet of skid marks produced by the plaintiff's vehicle which straddled the dividing line of the two traffic lanes. Trooper Belsom of the Louisiana State Police, who investigated the accident, did not specifically recall, although his report, which was admitted into evidence by stipulation, contained a notation in the space provided therefor, that plaintiff's vehicle did skid 40 feet. The report does not indicate the location of the skid marks. The report contained a remark attributed to plaintiff to the effect that he told the trooper that a bug had flown into one of his eyes causing him to lose control; however, the trooper testified in that regard that when he spoke to plaintiff after the accident at the scene there was much confusion in that he was attempting to clear the lanes for traffic passage and was concerned with plaintiff's physical condition and was awaiting the ambulance to remove plaintiff, and that during this time plaintiff kept holding his eye and muttering something about a bug; that actually he could not swear that the plaintiff made the statement attributed to him on the report but that he, the trooper, merely thought that plaintiff made this statement, and concluded as much. The trooper further testified that his best recollection was to the effect that the debris from the collision was in plaintiff's left passing lane although his report is silent in that regard.
Although doubts are raised in our minds concerning the factual findings of the trial judge in view of the possible inconsistencies of the trooper's report and his testimony, nevertheless, the record is not sufficiently clear in other respects to warrant a reversal of his conclusions. The trial judge heard the witnesses, he was in a position to evaluate their testimony and to place the necessary weight thereon. He apparently *727 gave greater weight to the testimony of the plaintiff as against the defendant and must have concluded that the trooper's explanation of the remark attributed to plaintiff in the report was reasonable in view of the condition of the plaintiff at the time, the confusion that existed on the bridge and the fact that the plaintiff in truth and in fact did have serious injury to his eye which ultimately caused its loss. In that connection the plaintiff denied any reference to being blinded by a bug causing him to lose control, and strongly denied making any such statement to the trooper, but admitted that he complained to the trooper about the pain that he was suffering from his eye. The record is devoid of any concrete physical facts which would prove or disprove the conclusion of the trial judge. There being no eyewitnesses to the accident, he was dependent solely upon the testimony of the plaintiff, the defendant, and the investigating officer. It is well established in our jurisprudence that the findings of fact by the trial judge will not be disturbed in the absence of manifest error, and considering the record as a whole we cannot say that the trial judge was manifestly erroneous in his conclusions, and must therefore affirm him in this regard.
Turning now to the remaining issues presented in this appeal, we consider the contentions of North River to the effect that its aforementioned policy issued to plaintiff on his personal automobile should not be considered excess insurance. The policy contains an uninsured motorist provision with a statutory $5,000.00 maximum per person (LSA-R.S. 22:1406(D)) and contains the following provision in connection with excess insurance:
"OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this Part exceeds the sum of the applicable limits of liability of all such other insurance."
The same question has been passed upon in the companion cases of LeBlanc v. Allstate Insurance Company, La.App., 194 So. 2d 791 and Courville v. State Farm Mutual Automobile Ins. Co., La.App., 194 So.2d 797, writs being denied by our Supreme Court in the latter case. (See Courville v. State Farm Mutual Automobile Ins. Co., 250 La. 535, 197 So.2d 79). In those cases our Third Circuit, after an exhaustive analysis of the applicable provisions of the Louisiana Insurance Code including LSA-R.S. 22:620, concerning rights of insurance companies to insert restrictive conditions in their policies and LSA-R.S. 22:1406 concerning uninsured motorist coverage, in addition to an interpretation of "other insurance" clauses, and reviewing the jurisprudence on these subjects from other statescame to the conclusion that the purpose of the Louisiana statutes providing for uninsured motorist protection is as stated in Couch on Insurance 2d, (1964), Section 45:623, Volume 12, page 570, as follows:
"The purpose of the statute making uninsured motorist coverage compulsory, it has been said is to give the same protection to a person injured by an uninsured motorist as he would have if he had been injured in an accident caused by an automobile covered by a standard liability insurance policy."
and further that a claimant while driving or occupying a non-owned automobile cannot receive more than $5,000.00 from all sources under uninsured motorist coverage.
Although the Third Circuit in the LeBlanc and Courville cases supra, were divided as to their conclusions we must assume that the majority opinions therein constitute our law on the subject in view of the fact that the Louisiana Supreme Court refused writs.
Additionally, our First Circuit in the case of Lott v. Southern Farm Bureau Casualty *728 Ins. Co., La.App., 223 So.2d 492, adopted the rationale of the LeBlanc and Courville cases.
We are therefore of the opinion that the trial judge erred in rendering judgment against defendant North River in the amount of $5,000.00 as excess insurance. Inasmuch as Employers' was the primary insurer of plaintiff under the uninsured motorist provision of its policy issued on the vehicle plaintiff was driving, (and was cast to its $5,000.00 limits) and since his primary insurance was equal to the insurance provided in North River's policy issued on plaintiff's personal car, the primary policy effectively extinguished North River's liability under its excess insurance clause. For these reasons it is our opinion that the portion of the lower court's judgment rendered against North River in Suit No. 3901 is incorrect and should be reversed.
The trial judge gave no reasons for dismissing Employers' third party action against Miller. Employers' became liable under its uninsured motorist provision only after fault on the part of another (in this case Miller). Inasmuch as this court finds that Miller is the sole person responsible for the accident herein, Employers' is entitled to a judgment against Miller for the amount cast against it in favor of plaintiff. Green v. Commercial Standard Insurance Company, La.App., 201 So.2d 522, writ refused, 251 La. 228, 203 So.2d 558.
Finally, we consider plaintiff's contention that he is due the amount of $1241.03 under the medical payment provision of North River's policy issued to him on his personal car. Part II of this policy provides for medical payments and under "Exclusions" therein is contained the following language:
"Exclusions. This policy does not apply under Part II to bodily injury:
"* * * (b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an `owned' automobile * * *"
The evidence was conclusive to the effect that plaintiff was an assistant Chief Deputy Sheriff of Jefferson Parish, and the vehicle he was driving at the time of the accident was furnished him for his regular use in connection with his duties by the Sheriff's office. Accordingly the medical payment benefits under North River's policy on his personal car cannot extend to him under the facts presented herein.
At the trial plaintiff was allowed to offer testimony of an insurance solicitor who worked with the local agency which issued plaintiff's personal policy with North River, the purpose of which was to alter or vary the terms of the insurance policy by use of parol evidence. The objection to this testimony was referred to the merits. Obviously this parol evidence was not admissible. LSA-R.S. 22:628; LSA-C.C. 2238; LSA-C.C. 2276. See also Anderson v. St. Paul Mercury Indemnity Company, La.App., 84 So.2d 878.
For the foregoing reasons the judgment of the district court in Suit No. 3901 will be affirmed insofar as it grants judgment against Walter C. Miller in the amount of $17,000.00 and against Employers' Liability Assurance Corp., Ltd., in the amount of $5,000.00 in solido, and is reversed insofar as it grants judgment against North River in the amount of Five Thousand and No/100 ($5,000.00) Dollars and denies judgment in favor of Employers' and against Miller.
The judgment in Suit No. 3901 is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Earl A. Rolling and against Walter C. Miller and The Employers' Liability Assurance Corp., Ltd., in the full and true sum of Seventeen Thousand and No/100 ($17,000.00) Dollars together with legal interest thereon from date of judicial *729 demand, save and except that the judgment herein as against The Employers' Liability Assurance Corp., Ltd., is limited to the amount of Five Thousand and No/100 ($5,000.00) Dollars under the Uninsured Motorist Coverage and the Medical Pay provisions of its policy.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of The Employers' Liability Assurance Corp., Ltd., and against Walter C. Miller in the amount of Five Thousand and No/100 ($5,000.00) Dollars with legal interest thereon from the executory date of this judgment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's petition against The North River Insurance Company be and the same is hereby dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs in the court below are assessed against Walter C. Miller and The Employers' Liability Assurance Corp., Ltd.
Suit No. 3902 is affirmed.
All costs of the appeal in Suit No. 3901 are to be borne by Miller and Employers' and in Suit No. 3902 by the plaintiff Rolling.
Affirmed in part; reversed in part.