ROLAND L. BELSOME, Judge.
11 This appeal arises from the trial court’s granting of a motion for partial summary judgment in favor of the appellee, GEICO Indemnity Company (“GEICO”).
STATEMENT OF THE CASE
On March 30, 2002, at approximately 8:20 p.m., appellant, Robert W. Rapp (“Rapp”), was operating a 2001 Harley Davidson Road King motorcycle northbound on Judge Perez Drive, Chalmette, Louisiana, when Ronald Alvarez (“Alva *628 rez”) allegedly ran in front of Rapp’s motorcycle causing a collision. As a result of the collision, Rapp suffered extensive injuries. Following the collision Rapp filed suit against Alvarez and his own insurer, GEICO, under the uninsured/underinsured motorist (“UM”) coverage provision.
GEICO filed a motion for partial summary judgment claiming that a collision with a pedestrian was not covered under the provisions of the policy. Specifically, in order for the UM coverage to be triggered the collision must involve another motor vehicle. Rapp argued that he was not informed of any limitations and/or exclusions regarding the UM coverage in the policy when he ^purchased the coverage. Additionally, he charged that GEICO failed to provide him with a copy of the policy. The trial court granted GEICO’s motion for partial summary judgment.
ASSIGNMENTS OF ERROR
Rapp contends that the trial court erred in finding that the insurance policy was delivered on October 9, 2001, when GEICO placed the policy in the mail, regardless of whether he actually received a copy of the policy. Rapp states that the trial court erred in relying upon Pruitt v. Great Southern Life Insurance Co., 12 So.2d 261, 202 La. 527 (La.1942) to conclude that the policy of insurance was considered delivered to Rapp because Pruitt was decided before La. R.S. 22:628 and 22:634 were passed by the Louisiana Legislature and before said statutes were interpreted by the Louisiana State Supreme Court in Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyds of London, 92-2382 (La.04/12/93), 616 So.2d 1250 Rapp further argues that the trial court erred in concluding that the limitations or exclusions of said policy did not have to be clearly communicated to the insured for the policy provisions to be effective against him.
LAW AND ANALYSIS
Appellate review of summary judgment is de novo using the same criteria as the trial court to determine whether a genuine issue of material fact exists to preclude a judgment as a matter of law. See, Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191 and Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. Louisiana Code of Civil Procedure art. 966 requires the mover prove “.. .that there is no genuine issue as to material fact and that the |3mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). Once the mover makes a showing that the motion should be granted the burden shifts to the opposing party to demonstrate that a material factual issue remains. If the opposing party fails to present sufficient evidence to overcome this burden the motion shall be granted. Id.
The insurance coverage purchased by Rapp from GEICO was for protection against an uninsured or an underinsured motorist. However, Rapp’s injuries, which are the subject of this lawsuit, were caused by a pedestrian. The GEICO policy states in pertinent part:
Coverage J: Uninsured Motorists Coverage
We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident. The owner’s or operator’s liability for these damages must arise out of the ownership, maintenance, or use of the uninsured motor vehicle.
Uninsured motor vehicle means a land motor vehicle or trailer of any type...
This court must consider whether Rapp’s failure to receive the GEICO *629 policy or GEICO’s failure to inform Rapp that the UM coverage applied only to incidents involving another motorist would create a genuine issue of material fact. A material fact is a triable issue, and an issue is “genuine” if reasonable persons could disagree. Smith v. Our Lady of the Lake Hospital, Inc., 93-25121 (La.7/5/94), 639 So.2d 730, 750. “[A] ‘material’ fact is one that would matter on the trial on the merits.” Id.
Rapp relies on La. R.S. 22:628 and 634 to support his contention that exclusions to an insurance policy cannot be enforced if the policy is not delivered in a reasonable amount of time. Rapp was a GEICO policyholder at the time he |4added the UM coverage in October 2001. Rapp presented an affidavit testifying that he never received a copy of the policy stating the provisions of the UM coverage. GEICO however, provided internal underwriting documents and an affidavit from an underwriter, Angela Hopkins, stating that GEI-CO mailed a policy to Rapp on November 15, 2000, when he originally purchased GEICO insurance and again at renewal on October 9, 2001.
Rapp contends that the trial court erred in relying on Pruitt v. Great Southern Life Insurance Co, supra, because it was decided prior to the Louisiana Legislature passing R.S. 22:628 and 634. We do not find that Pruitt and the statutes conflict with each other on the issue of delivery.
La. R.S. 22:628 reads in pertinent part: Any written agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance and is sent to the holder of such policy or evidence of insurance by United States mail, post-aye prepaid, at such holder’s last known address as shown on such policy or evidence of insurance or is personally delivered to such holder, (emphasis added).
LSA-R.S. 22:628
La. R.S. 22:634(A) states that “[s]ubject to the insurer’s requirements as to payment of premium, every policy shall be delivered to the insured or to the person entitled thereto within a reasonable period of time after its issuance.” LSA-R.S. 22:634. Pruitt states that “[ajctual delivery is not essential, unless expressly made so by the terms of the agreement.” Pruitt, 202 La. 527, 12 So.2d 261, 262. Pruitt has not been overruled and does not conflict with the statutory requirements set forth in La. R.S. 22:628 and 634.
Rapp’s argument that the trial court should have followed the holding in Louisiana Maintenance, supra, is unpersuasive. In Louisiana Maintenance, the |Binsured did not receive the policy because the insurer failed to send the policy. The insurer did not comply with the statutory requirements set forth in La. R.S. 22:628 and 634. In the instant case GEICO provided sufficient evidence to prove that the policy was mailed as required by statute. Therefore, Louisiana Maintenance is clearly distinguishable.
Furthermore, this court finds no merit in Rapp’s argument that limitations and exclusions in the coverage should not apply since they were not fully communicated to him at the time of purchase. As the name suggests, the coverage added by Rapp was to protect against a no fault accident with an uninsured or underin-sured motorist. Rapp claims he believed that the UM coverage would cover anything which occurred while driving his motorcycle. La. R.S. 22:628 requires all *630 agreements to modify or extend coverage be in writing. Additionally, this court has found that oral statements cannot be used to alter the terms of a written insurance policy. Hilliard v. Louisiana Health Service and Indemnity Co., 411 So.2d 1116, 1120 (La.App. 4 Cir. 2/09/82) reh’g denied (4/16/1982). Thus, to extend coverage based solely on Rapp’s erroneous belief of coverage would be contrary to Louisiana law.
CONCLUSION
Accordingly, this court finds no error in the trial court’s granting of GEICO’s motion for partial summary judgment.
AFFIRMED.